**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **KENNETH R. HARDEMAN** | § | |
| | § | |
| **V.** | § | **A 16-CV-703-JRN** |
| | § | **(A-96-CR-192(1)-JRN)** |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE JAMES R. NOWLIN
      SENIOR UNITED STATES DISTRICT JUDGE

Before the Court are Kenneth R. Hardeman's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Dkt. No. 90); Hardeman's Memorandum in Support of Motion to Vacate (Dkt. No. 91); the Government's Response (Dkt. No. 94); and Hardeman's Reply (Dkt. No. 95). The undersigned Magistrate Judge submits this Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. GENERAL BACKGROUND**

On November 5, 1996, Kenneth R. Hardeman was named in a two-count Indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and using or carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). Hardeman proceeded to trial on both charges. On February 19, 1997, a jury found Hardeman guilty as to Count One, the felon in possession of a firearm charge, and not guilty as to Count Two.

The Presentence Investigation Report recommended that Hardeman's sentence be enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on his four prior convictions for burglary of a habitation. Dkt. No. 59 at ¶ 21. Hardeman objected to the

enhancement, arguing that his "Texas burglary convictions may not be used to enhance his sentence pursuant to § 924(e)" under *Taylor v. United States*, 495 U.S. 575 (1990). The Court overruled Hardeman's objections and on May 2, 1997, sentenced him to a 262-month term of imprisonment, a five-year term of supervised release and a $100 special assessment. Dkt. No. 57. The Fifth Circuit affirmed the judgment on appeal. *See United States v. Hardeman*, 135 F.3d 140 (1997). On June 23, 2005, Hardeman filed his first motion to vacate, which was denied by the District Court. Dkt. No. 75. The Fifth Circuit denied Hardeman a Certificate of Appealability. Dkt. No. 85.

In light of the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), the District Court appointed the Federal Public Defender for the Western District of Texas to represent Hardeman to determine whether he may qualify for federal habeas relief. Dkt. No. 88. On June 15, 2016, the Fifth Circuit granted Hardeman authorization to file a successive § 2255 motion finding that "Hardeman has made a sufficient showing of possible merit to warrant a fuller exploration by the district court," but also noted that it "cannot determine from the available record whether the district court's enhancement of Hardeman's sentence under § 924(e) implicates the ACCA's residual clause." Dkt. No. 89 (citation omitted). As discussed below, the Court's more detailed review of this case now indicates that Hardeman's sentence enhancement does in fact implicate the ACCA residual clause, authorizing his filing of this successive writ, and this Court reaching the merits of that motion.

On May 31, 2016, Hardeman filed his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, arguing that his sentence enhancement under the ACCA was unconstitutional in light of the Supreme Court's holding in *Johnson v. United States,* 135 S.Ct. 2551 (2015).

## II. ANALYSIS

**A.   *Johnson* and the ACCA**

Under the ACCA, a defendant convicted of a gun possession offense under § 922(g) faces more severe punishment if he has three or more previous convictions for a "violent felony." 18 U.S.C. § 924(e)(2)(B).  The ACCA defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that–
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another;
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

§ 924(e)(2)(B) (emphasis added).  The final phrase of this definition, italicized above, has come to be known as the Act's "residual clause."  In *Johnson* the Supreme Court found the residual clause unconstitutionally vague, and held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."  *Johnson,* 135 S.Ct. at 2563.  The *Johnson* Court also clarified that its ruling "does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson,* 135 S.Ct. at 2563.  Earlier this year, in *Welch v. United States*, 136 S.Ct. 1257 (2016), the Supreme Court held that *Johnson* announced a new substantive rule that is retroactively applicable to cases on collateral review.

**B.   Does *Johnson* apply to Hardeman's sentence?**

As discussed above, the District Court sentenced Hardeman under the enhanced penalty provisions of the ACCA, based on his four prior convictions for burglary of a habitation under § 30.02 of the Texas Penal Code.  Dkt. No. 59 at ¶ 21. The Government concedes that two of

Hardeman's burglary convictions were for violating § 30.02(a)(3), and thus were not "generic" burglary convictions.  Dkt. No. 94. at 5.  In an incomprehensible and internally inconsistent argument, the Government contends that, though two of his convictions were for non-generic burglary, Hardeman is still not entitled to any relief under *Johnson*.  Despite several attempts, the Court has been unable to restate the Government's argument, because the argument simply makes no sense.  So instead, the Court will simply quote it verbatim:

> However, Hardeman's claim for § 2255 relief is both substantively and procedurally barred. In the first instance, Johnson only eliminated ACCA's residual clause, not its enumerated offenses, and the holdings of *Constante*, *Conde-Castaneda* and *Herrold* are all based upon an analysis of § 30.02 as the enumerated offense of burglary. *See Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."). Therefore, although *Johnson* was made retroactive by *Welch*, its holding does not apply in the instant because this Circuit's § 30.02 categorical precedent is based solely upon the theory that the offense falls within the enumerated offense of burglary. Restated, *Johnson* does not reverse, or in any other manner affect, the holdings in *Constante*, *Conde-Castaneda*, or *Herrold*. Hardeman's request for § 2255 relief must thus fail.

*Id.*

While the Government is correct that *Johnson* did not call into question the ACCA's "four enumerated offenses," *Johnson,* 135 S.Ct. at 2563, the Government is otherwise dead wrong. Fundamentally, the Government's argument relies on the claim that the Fifth Circuit's "§ 30.02 categorical precedent  is based solely upon the theory that the offense falls within the enumerated offense of burglary."  Dkt. No. 94 at 5.  This, however, misrepresents the Fifth Circuit case law on § 30.02(a)(3).  In *Constante*, the Circuit "definitively," and for the first time in a published opinion, "conclude[d] that a burglary conviction under § 30.02(a)(3) of the Texas Penal Code is not a generic burglary under the *Taylor* definition because it does not contain an element of intent to commit a

felony, theft, or assault at the moment of entry." *United States v. Constante*, 544 F.3d 584, 587 (5th Cir. 2008). The court then stated that "[t]herefore, Constante's burglary convictions are not violent felonies under 18 U.S.C. § 924(e)." *Id.* There is no mention in the opinion of whether the convictions, while not being generic burglaries, might nonetheless be violent felonies under the (then valid) residual clause, as the Government did not raise that issue in its briefing. Govt's Appellate Brief, 2007 WL 6045687. If this were the only Fifth Circuit case on the issue, it might be possible to understand the Government's statement that "this Circuit's § 30.02 categorical precedent is based solely upon the theory that the offense falls within the enumerated offense of burglary," but *Contstante* is far from the only case in the Fifth Circuit on this issue.

Rather, after *Constante* and up until the Supreme Court issued its decision in *Johnson*, the Circuit's cases, if anything, suggested that an offense under § 30.02(a)(3) of the Texas Penal Code—despite not being a "generic" burglary under the ACCA—was nonetheless still a "violent felony" under the ACCA's residual clause. Indeed, as Hardeman points out, in 2013 the Circuit explicitly stated in one case that "in *Constante*, we did not address whether burglary under § 30.02(a)(3) was a violent felony under the ACCA's residual clause," and "the issue was not foreclosed by *Constante*." *United States v. Ramirez*, 507 Fed. App'x 353, 354 (5th Cir. 2013). It thus affirmed Ramirez's enhanced sentence under the ACCA. *Id.* Even better evidence of the fallacy of the Government's argument is found in a 2014 case where the Fifth Circuit declined to grant relief to a defendant arguing that *Constante* prevented the district court from classifying his prior conviction under § 30.02(a)(3) as a violent felony:

> Emeary misses a critical point. *Constante* makes clear that Emeary's Texas offense is not a "burglary" in the meaning of § 924(e)(2)(B)(ii), it is true; but it does not follow that it is not a "violent felony." That is because § 924(e)(2)(B)(ii)'s definition

> of a "violent felony" encompasses not only "burglary" but also, under the so-called residual clause, *other offenses* that "involve[ ] conduct that presents a serious potential risk of physical injury to another." In *United States v. Ramirez*, 507 Fed. App'x 353 (5th Cir. 2013), this court read *Constante* as not addressing the residual clause and as holding *only* that the Texas offense does not constitute a "burglary." *Id.* at 354. In other words, under the reasoning of *Ramirez*, it remains an open question whether Emeary's conviction under § 30.02(a)(3) of the Texas Penal Code constitutes a "violent felony" by dint of § 924(e)(2)(B)(ii)'s residual clause *even though* it is not a "violent felony" because of its classification as a "burglary." *See also*, *James v. United States*, 550 U.S. 192, 212 (2007) (the residual clause "can cover conduct that is outside the strict definition of, but nevertheless similar to, generic burglary.").

*United States v. Emeary*, 773 F.3d 619, 622-23 (5th Cir. 2014) (emphasis in original) (mandate recalled by 794 F.3d 526).  Then, a year later, after *Johnson* was decided, the same Circuit Judge stated that "Post-*Johnson*, it is now clear without any room for doubt that Texas Penal Code § 30.02(a)(3) offenses are not violent felonies under the ACCA, period." *United States v. Emeary*, 794 F.3d 526, 529-30 (5th Cir. 2015) (recalling mandate).

Even worse, the Government itself continued to argue after *Constante* that burglary convictions under § 30.02(a)(3) were still violent felonies because they fit within the residual clause. That was the Government's position in *Ramirez* for example.  *United States v. Ramirez*, No. 12-10133, Appellee's Brief at 4.  It was also its position in *United States v. Wilson*, 622 F. App'x 393, 404 (5th Cir. 2015) ("[t]he government contends that Section 30.02(a)(3) falls under the residual clause of the crime of violence definition"), as well as in many other cases.  In other words, though the Government continued to take this position until *Johnson* was decided, it now wants this Court to conclude that *Johnson* has no applicability to this case because that was not the law in the circuit after *Constante* was decided.  Its position is baseless.

*Johnson* is not only applicable to Hardeman's case, but it entitles him to relief.  Because at least two of the prior convictions used to enhance Hardeman's sentence were not "generic burglary" violent felonies under 18 U.S.C. § 924(e)(2)(B), and because those offenses cannot be violent felonies under the ACCA residual clause as a result of the Supreme Court's decision in *Johnson*, Hardeman's sentence could not be enhanced under the ACCA.[1]

**C.**     **Is Hardeman's § 2255 Motion time-barred?**

The Government also argues that Hardeman's § 2255 motion is time-barred, because he did not file his motion within one year of the date of his conviction, relying on § 2255(f)(1).  This argument is also befuddling.  As the Government knows well, § 2255 has a one-year limitations period, which begins to run from the latest of *four* dates:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

---

[1]Both parties' briefs discuss the Supreme Court's decision in *Mathis v. United States*, 136 S.Ct. 2243 (2016).  *Mathis* only has relevance to Hardeman's other two burglary convictions – those under § 30.02(a)(1).  Because it is undisputed that Hardeman's sentence was enhanced based on at least one of his prior offenses under § 30.02(a)(3), and because it is beyond dispute that such convictions are not violent felonies under the ACCA, the Court need not discuss *Mathis* and its application to this case.

28 U.S.C. § 2255(f).  As is plain from the discussion above, until the Supreme Court decided *Johnson* on June 26, 2015, and made that decision retroactive in 2016 in *Welch*, Hardeman had no grounds on which to seek relief, as Circuit law prior to *Johnson* foreclosed his argument.  It was the change in the law created by *Johnson* that gave him a right to seek relief, and thus the statute of limitations for Hardeman's motion did not begin to run until "the date on which the right asserted was initially recognized by the Supreme Court" in *Johnson*—June 26, 2015.  *Id.* at § 2255(f)(3).[2] Hardeman filed his § 2255 motion on May 31, 2016, within one-year of the date on which *Johnson* was decided.  His motion is clearly timely pursuant to § 2255(f)(3).

**D.    Conclusion**

The District Court sentenced Hardeman under the ACCA based on two convictions for burglary of a habitation under Texas Penal Code § 30.02(a)(3).  After *Johnson*, these convictions can no longer be considered eligible convictions under the ACCA, as they are not "generic burglaries," nor can they fall within the now-unconstitutional residual clause definition.  Accordingly, Hardeman's Motion to Vacate should be granted.

**The Court notes that without the ACCA enhancement, Hardeman's statutory maximum sentence was 120 months of imprisonment and a three-year term of supervised release.  Hardeman has been in custody since 1996 and his maximum sentence expired nearly a decade ago.  Accordingly, the Court recommends that Hardeman be resentenced immediately.**

---

[2]*See also, Dodd v. United States*, 545 U.S. 353, 359 (2005) (one-year limitation period runs from the date on which Supreme Court initially recognized the right asserted, regardless of when it is made retroactively applicable).

## III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Kenneth R. Hardeman's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Dkt. No. 90) and immediately re-sentence him.

## IV. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SIGNED this 21st day of October, 2016.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE